UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. PAPER MILLS CORP., et al.,

        Plaintiffs,

     v.                             Case No. 17-C-1207

WORLD PAC PAPER LLC, et al.,

        Defendants.

## DECISION AND ORDER

Plaintiffs U.S. Paper Mills Corporation and Sonoco Products Company brought this suit against Defendants Clifford Paper Inc. (CPI), World Pac Paper LLC (WPP), WPP Investors LLC, Edgar L. Smith, Jr., and Richard A. Baptiste. Plaintiffs seek six million dollars in unpaid invoices for core board and tier paper Defendants ordered on behalf of Procter & Gamble. Currently before the court is Plaintiffs' motion for reconsideration of the court's November 29, 2017 order dismissing CPI for lack of personal jurisdiction. Because the dismissal of CPI was not in error, Plaintiffs' motion for reconsideration will be denied.

A motion to reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure allows a court to correct manifest errors of fact or law. *FDIC v. Meyer*, 781 F.2d 1260, 1286 (7th Cir. 1986). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). The purpose of a Rule 59(e) motion is to enable a district court to correct its own errors and thus avoid unnecessary appellate procedures. *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999). But the motion "is not appropriately used to

advance arguments or theories that could and should have been made before the district court rendered a judgment." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). As a result, relief under Rule 59(e) is an "extraordinary remedy" that should only be granted in rare cases. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). The decision to grant a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

Plaintiffs assert the court made a manifest error in concluding Plaintiffs did not establish jurisdiction pursuant to Wisconsin's long-arm statute, Wis. Stat. § 801.05. First, Plaintiffs claim the court misapplied Wis. Stat. § 801.05(5)(a). This subsection provides that a court has jurisdiction over any action which "[a]rises out of a promise, made anywhere to the plaintiff or to some 3rd party for the plaintiff's benefit, by the defendant to perform services within this state or to pay for services to be performed in this state by the plaintiff." § 801.05(5)(a). Plaintiffs contend the court did not recognize that Plaintiffs supply of the subject product constitute services. But Plaintiffs' complaint only characterizes its arrangement with Procter & Gamble and the defendants as one for goods, not services. *See* Compl. ¶ 1 ("This action seeks money damages against Defendants, who acted as intermediaries for the purchase and supply of core board and tier sheets (hereinafter, the 'subject product') supplied by Plaintiffs for use by non-party Procter & Gamble . . . ."); Compl. ¶ 15 ("Defendants acted as intermediaries in the purchase of paper products, specifically the subject product, between Plaintiffs, as supplier, and Procter & Gamble, as customer."); Compl. ¶ 16 ("Plaintiffs would receive purchase orders submitted by Defendants and supply the subject product ordered therein."); Compl ¶ 22 ("A valid agreement existed between Plaintiffs and Defendants for the supply of products for valuable consideration."). Plaintiffs cannot now assert for the first time

that converting raw materials into some product which meets customer-specified requirements and supplying that product to the customer constitute services. *See Caisse v. Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (noting that motions for reconsideration are "not the appropriate forum for . . . arguing matters that could have been heard during the pendency of the previous motion").

Even if the court were to consider this argument, it would not alter the court's conclusion. Plaintiffs cite *Regal Ware, Inc. v. TSCO Corp.*, 207 Wis. 2d 538, 558 N.W.2d 679 (Ct. App. 1996) and *Generac Corp. v. Omni Energy Systems, Inc.*, 19 F. Supp. 2d 917 (E.D. Wis. 1998) for the proposition that the manufacture and supply of materials constitute a service, but these cases are inapposite. In *Regal Ware*, for instance, the plaintiff's obligation under the brokerage agreement included "manufacturing and shipping of cookware; approving sales orders submitted by TSCO to Regal Ware; and sending TSCO commission checks drawn on a Wisconsin bank." 207 Wis. 2d at 543. The court determined the plaintiff established personal jurisdiction because it performed these services in Wisconsin. *Id.*

In *Generac Corp.*, the plaintiff sought a declaratory judgment finding that the distributor's territory under the distributorship agreement was not exclusive. 19 F. Supp. 2d at 919. Under the parties' contractual arrangement, the plaintiff was responsible for manufacturing and shipping services in Wisconsin as well as approving all of the defendant's sales orders in Wisconsin. The defendant did not dispute that the plaintiff performed services under their distributorship agreement but instead asserted it had conducted no business in Wisconsin. The court concluded the plaintiff satisfied the requirement of Wisconsin's long-arm statute because the plaintiff provided services in Wisconsin. *Id.* at 921.

These cases are distinguishable from the instant one because the additional services the plaintiffs performed in *Regal Ware* and *Generac* transformed the manufacturing and shipping arrangements into service contracts. In this case, Plaintiffs provided no additional services beyond manufacturing and shipping. Under Plaintiffs' proposed construction of the term, any contract for the sale of goods would turn into one for services. The court declines to construe "services" so broadly. Simply put, Plaintiffs have not established that this action relates to "services performed in this state by the plaintiff" as required by Wis. Stat. § 801.05(5)(a).

In addition, Plaintiffs assert the court erred in finding that the Administrative Services and Raw Material Supply Agreement entered into between CPI and WPP did not benefit Plaintiffs. Under the Services Agreement, CPI agreed to perform services for WPP, including the management of WPP's accounts payable, accounts receivable, finance, invoices, and other administrative functions in exchange for a negotiated rate of compensation. Plaintiffs assert CPI's obligation to manage "mill accounts payable" under the agreement constituted a promise to Plaintiffs that CPI would pay for the product it supplied to the World Pac enterprise. But the promise to manage mill accounts payable was a promise CPI made to WPP, not to Plaintiffs. Though Plaintiffs received payments from CPI for the product it supplied to Procter & Gamble, CPI was obligated to make these payments on behalf of WPP pursuant to the Service Agreement. As a result, the Service Agreement, and the promises memorialized therein, were not made for Plaintiffs' benefit. In sum, it was not err to conclude the facts do not support a finding of personal jurisdiction under § 801.05(5)(a).

Plaintiffs also take issue with the court's conclusion that the facts did not support a finding of personal jurisdiction under Wis. Stat. § 801.05(5)(d). This provision provides that Wisconsin courts have jurisdiction over any action that "[r]elates to goods, documents of title, or other things

of value shipped from this state by the plaintiff to the defendant on the defendant's order or direction." § 801.05(5)(d). Although Plaintiffs assert the court must consider the facts supporting their breach of contract claim as well as their conversion claim to determine whether personal jurisdiction exists under this provision, Plaintiffs' allegations do not establish jurisdiction under this provision because CPI did not order or direct Plaintiffs to ship the products to Procter & Gamble. Plaintiffs seek six million dollars in unpaid invoices for core board and tier paper delivered to Procter & Gamble between late-June 2017 and August 29, 2017. But CPI did not order these goods; WPP did. Any shipments CPI requested before June 2017 are not relevant to the instant litigation, and Plaintiffs cannot point to these orders to establish jurisdiction under this provision. Because this lawsuit does not relate to goods that were shipped by Plaintiffs at CPI's direction, Plaintiffs' allegations do not support a finding of personal jurisdiction under § 801.05(5)(d).

In sum, Plaintiffs' arguments do not convince me that I committed an error of law or fact in this case. Accordingly, their motion for reconsideration (ECF No. 37) is **DENIED**.

Dated this   27th   day of February, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

5